1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE TURNER,<br><br>                    Petitioner,<br><br>          v.<br><br>DANIEL PARAMO, Warden,<br><br>                    Respondent.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. EDCV 16-2577 SVW(JC)<br><br>ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ("PETITION") WITHOUT PREJUDICE TO THE EXTENT IT CHALLENGES THE STATE JUDGMENT; AND (2) TRANSFERRING PETITION TO SOUTHERN DISTRICT OF CALIFORNIA TO THE EXTENT IT CHALLENGES THE EXECUTION OF PETITIONER'S SENTENCE/THE DENIAL OF PAROLE |

## I.   SUMMARY

On December 9, 2016, petitioner Ernest Lee Turner ("petitioner"), who is in custody at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, in the Southern District of California (28 U.S.C. § 84(d)), and is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition").  The Current Federal Petition challenges petitioner's 2005 conviction in Riverside County Superior Court in Case No. RIF111528 ("State Case"), but also argues that petitioner should be released because he has served almost fourteen (14) years without any infractions and has been rehabilitated. (Current Federal Petition at 2, 3).

For the reasons discussed below:  (1) to the extent the Current Federal Petition challenges the judgment in the State Case, the Court dismisses it without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition; and (2) to the extent the Current Federal Petition challenges the execution of petitioner's sentence/the denial of parole, the Court transfers it to the Southern District of California.

## II.   PROCEDURAL HISTORY[1]

### A.   State Court Proceedings in State Case

On November 23, 2004, a Riverside County Superior Court jury found petitioner guilty of three counts of second degree robbery and found true allegations that petitioner had personally used a deadly and dangerous weapon in the commission of each such robbery.  On November 24, 2004, in a bifurcated proceeding held after petitioner waived his right to a jury trial on prior conviction allegations, the court found such prior conviction allegations to be true.  On January 10, 2005, the court sentenced petitioner to a total of 90 years to life in prison.

---

[1]The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the following cases in the Central District of California ("CDCA"), the Southern District of Califoria ("SDCA"), the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), and the United States Supreme Court ("U.S. Supreme Court") of which this Court takes judicial notice:  (1) Ernest Lee Turner v. V.M. Almager, CDCA Case No. EDCV 07-533 SVW(JC) ("First CDCA Petition" or "First CDCA Action"); (2) Ernest Turner v. V.M. Almager, Ninth Circuit Case No. 11-57212 ("Ninth Circuit Action"); (3) U.S. Supreme Court Case No. 12-10734 ("U.S. Supreme Court Action"); (4) Ernest Lee Turner v. The State of California, CDCA Case No. 16-1524 SVW(JC) ("Second CDCA Petition" or "Second CDCA Action"); (5) Ernest Lee Turner v. The State of California, SDCA Case No. 16-1862 BAS(JLB) ("First SDCA Petition" or "First SDCA Action"); and (6) Ernest Lee Turner v. Daniel Paramo, Warden, SDCA Case No. 16-3015 AJB(MDD) ("Second SDCA Petition" or "Second SDCA Action").  See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

1    On November 14, 2005, the California Court of Appeal affirmed the
2    judgment in the State Case.  Petitioner did not further pursue a direct appeal.
3        Petitioner subsequently sought, and was denied, habeas relief in the
4    Riverside County Superior Court, the California Court of Appeal, and the
5    California Supreme Court.

6    **B.    First CDCA Action, Ninth Circuit Action, and U.S. Supreme**
7    **Court Action**

8        On January 10, 2014, petitioner filed the First CDCA Petition challenging
9    the judgment in the State Case on multiple grounds.  On October 19, 2011, this
10   Court denied the First CDCA Petition on its merits and dismissed the First CDCA
11   Action with prejudice.  On October 21, 2011, judgment was entered accordingly.
12       On January 18, 2013, the Ninth Circuit issued an order denying petitioner's
13   request for a certificate of appealability in the Ninth Circuit Action.
14       On October 7, 2013, the U.S. Supreme Court denied petitioner's petition for
15   a writ of certiorari in the U.S. Supreme Court Action.

16   **C.    Second CDCA Action and First SDCA Action**

17       On July 12, 2016, petitioner filed the Second CDCA Petition in the Second
18   CDCA Action which purported to challenge the judgment in the State Case but
19   contained only a claim that petitioner should be released because he has served
20   almost fourteen (14) years without any infractions and has been rehabilitated.  On
21   July 21, 2016, this Court (1) dismissed the Second CDCA Petition without
22   prejudice for lack of jurisdiction to the extent it challenged the judgment in the
23   State Case because petitioner had not obtained the requisite authorization from the
24   Court of Appeals to file a successive petition; and (2) transferred the Second
25   CDCA Petition to the SDCA where petitioner was then (and currently is) housed to
26   the extent the Second CDCA Petition challenged the execution of petitioner's
27   sentence/the denial of parole.  On the same date, judgment was entered in the
28   ///

3

1    Second CDCA Case dismissing the Second CDCA Petition without prejudice to

2    the extent it challenged the judgment in the State Case.  Petitioner did not appeal.

3        Upon receipt of the above-referenced transfer, the SDCA opened the First

4    SDCA Action.  The Second CDCA Petition effectively became the First SDCA

5    Petition.  On August 16, 2016, the assigned District Judge dismissed the First

6    SDCA Action without prejudice and with leave to amend the First SDCA Petition

7    based upon such court's conclusions that the First SDCA Petition, as framed, failed

8    to state a cognizable federal claim and because petitioner failed to name a proper

9    respondent.  Petitioner did not timely file an amended petition and the First SDCA

10    Case was closed.  Petitioner did not appeal.

11        **D.    Second SDCA Action and Current Federal Petition**

12        On December 9, 2016, petitioner filed the Second SDCA Petition in the

13    Second SDCA Action.  On December 14, 2016, the assigned District Judge – who

14    was not the same District Judge assigned to the First SDCA Action – transferred

15    the Second SDCA action to the CDCA.  Upon receipt of such transfer, the CDCA

16    opened the instant action and the Second CDCA Petition effectively became the

17    Current Federal Petition.  As noted above, the Current Federal Petition challenges

18    the judgment in the State Case, but also argues that petitioner should be released

19    because he has served almost fourteen (14) years without any infractions and has

20    been rehabilitated.  The record does not reflect that petitioner has obtained

21    authorization from the Ninth Circuit to file the Current Federal Petition in District

22    Court.[2]

23    ///

24    ///

25    ///

26

27

28        [2]A search of the court's PACER system does not reflect that petitioner has been granted
     leave to file a second or successive petition by the Ninth Circuit.

1    **III.    DISCUSSION**

2           **A.      The Current Federal Petition Is Dismissed without Prejudice to**

3                    **the Extent It Challenges the Judgment in the State Case**

4           Before a habeas petitioner may file a second or successive petition in a

5    district court, he must apply to the appropriate court of appeals for an order

6    authorizing the district court to consider the application.  Burton v. Stewart, 549

7    U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision

8    "creates a 'gatekeeping' mechanism for the consideration of second or successive

9    applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also

10   Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing

11   applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to

12   consider the merits of a second or successive habeas petition in the absence of

13   proper authorization from a court of appeals.  Cooper v. Calderon, 274 F.3d 1270,

14   1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen,

15   157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

16          A second or subsequent habeas petition is not considered "successive" if the

17   initial habeas petition was dismissed for a technical or procedural reason, rather

18   than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second

19   habeas petition not "successive" if initial habeas petition dismissed for failure to

20   exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645

21   (1998) (second habeas petition not "successive" if claim raised in first habeas

22   petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030

23   (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition

24   on the merits rendering subsequent petition "second or successive"); Henderson v.

25   Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds

26   constitutes disposition on the merits rendering subsequent petition "second or

27   successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc.,

28   ///

1  514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on
2  the merits) (citations omitted).

3        Petitioner's First CDCA Petition was denied on its merits – not for a
4  technical or procedural reason.  Accordingly, to the extent the Current Federal
5  Petition challenges the judgment in the State Case, it is successive, and since
6  petitioner filed it without authorization from the Ninth Circuit, this Court lacks
7  jurisdiction to consider it.

8        **B.**    **The Current Federal Petition Is Transferred Back to the Southern**
9            **District of California to the Extent It Challenges the Execution of**
10           **Petitioner's Sentence/the Denial of Parole**

11       Venue is proper in a habeas action in either the district of conviction or the
12 district of confinement.  See 28 U.S.C. § 2241(d).  In cases in which a petition is
13 directed to the manner in which a sentence is being executed, the district of
14 confinement is the preferable forum.  Magee v. Soto, 2015 WL 5611380, *1 (N.D.
15 Cal. Sept. 22, 2015) (transferring petition challenging parole decision from district
16 of conviction to district of confinement); Wallace v. Small, 2009 WL 4641722
17 (S.D. Cal. Dec. 1, 2009) (proper forum to challenge execution of sentence is
18 district where prisoner confined) (citation omitted); cf. Dunne v. Henman, 875
19 F.2d 244, 249 (9th Cir. 1989) (proper forum for federal inmate to challenge
20 execution of sentence is district in which prisoner confined).  Accordingly, district
21 courts in California generally transfer habeas actions challenging the manner in
22 which a sentence is being executed to the district in which the petitioner is
23 confined.

24       As noted above, petitioner is housed in San Diego, California, within the
25 jurisdictional boundaries of the Southern District of California.  See 28 U.S.C.
26 § 84(d).  Accordingly, pursuant to 28 U.S.C. §§ 1404(a) and 2241(d), and in the
27 interests of justice, to the extent the Current Federal Petition challenges the
28 ///

execution of petitioner's sentence/the denial of parole, it is appropriate to transfer it back to the United States District Court for the Southern District of California.

**IV.    ORDERS**

IT IS THEREFORE ORDERED:

1.      The Current Federal Petition is dismissed without prejudice to the extent it challenges the judgment in the State Case and judgment shall be entered accordingly.

2.      The Current Federal Petition, to the extent it challenges the execution of petitioner's sentence/the denial of parole, is transferred back to the United States District Court for the Southern District of California.

3.      The Clerk shall effect the above-referenced transfer to the United States District Court for the Southern District of California and shall serve a copy of this Order upon petitioner and upon the California Attorney General.

IT IS SO ORDERED.


DATED:  December 22, 2016

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE